**FILED UNDER SEAL**

# United States District Court
# for
# the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Barry E Pepper**

Case Number: **2:09-00709M**

Name of Sentencing Judicial Officer: **Honorable Cam Ferenbach**

Date of Original Sentence: **March 5, 2015**

Original Offense: **Operating Motor Vehicle Under Influence of Alcohol**

Original Sentence: **60 Months probation**

Date Supervision Commenced: **March 5, 2015**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Shall Not Commit Crime** - The defendant shall not commit another federal state or local crime.

    On or about February 18, 2017, Pepper committed the offense of Engaging in Business Without a Contractor's License (misdemeanor), in violation of Nevada Revised Statutes 624.720, 624.750(2)(A). On or about September 6, 2017, he received a diversion program as a sentence, and was ordered to complete 75 hours of community service.

2. **Refrain From Unlawful Use of Controlled Substance** - The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

The offender tested positive for methamphetamine on September 23, 2016; December 14, 2016; September 11 and September 13, 2017.

3. **Drug Testing** – You must submit to substance abuse testing to determine if you have used a prohibited substance. *Testing shall not exceed 104 tests per year.* You must not attempt to obstruct or tamper with the testing methods.

   Pepper failed to report for drug testing on September 30, 2016

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **September 13, 2017**

Sunny R. Cascio
2017.09.21 11:01:52 -07'00'

Sunny Cascio
United States Probation Officer

Approved:

Benjamin Johnson
2017.09.20 17:49:44 -07'00'

Todd J. Fredlund
Supervisory United States Probation Officer

**RE: Barry E Pepper**

Prob12C
D/NV Form
Rev. March 2017

## *THE COURT ORDERS*

☐ No Action.
☑ The issuance of a warrant.
☐ The issuance of a summons.
☐ Other:

_____
Signature of Judicial Officer

9-21-2017
_____
Date

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
UNITED STATES V. BARRY E PEPPER, 2:09-00709M

**SUMMARY IN SUPPORT OF PETITION FOR WARRANT**
**September 13, 2017**

During a periodic records check, it was discovered Pepper had an active misdemeanor warrant for operating a business without a license. On August 30, 2017, Pepper was called into the probation office to discuss the matter. He advised he had completed several projects for a client, and the client was dissatisfied. Despite his efforts to make the project right for his customer, Pepper reported his client refused to allow him to complete the project. He denied any knowledge of the criminal filing. According to court records, it appeared the summons was sent to Pepper's former address in Henderson, Nevada, where he had resided with his mother. Pepper admitted he had allowed his business license to lapse, and blamed financial troubles as the reason for not renewing it. Pepper was instructed to get the warrant cleared within seven business days. Additionally, Pepper was also instructed to renew his business license immediately, should he decide to continue his self-employment in the same industry.

On September 3, 2017, Pepper was questioned by Las Vegas Metropolitan Police Officers while in a nefarious area known to law enforcement for illicit drug activity. According to Pepper, he was at a garage sale, which officer's confirmed. Since Pepper had an outstanding warrant, the officers arrested Pepper and took him into custody.

On September 6, 2017, Pepper contact the undersigned and advised he was released. He stated he was granted the opportunity to partake in a diversion program, wherein he is required to "stay out of trouble," and complete 75 hours of community service. Documentation from Las Vegas Justice Court provided by Pepper confirmed this information. He is ordered to appear in Court on March 5, 2018, and provide proof of his completion of community service hours.

On September 11, 2017, Pepper submitted a drug test which tested presumptive positive for methamphetamine. This test was sent to the national laboratory for confirmation. That said, Pepper admitted he has used the drug daily for the past six days.

As the Court is aware, Pepper has struggled for decades with his addiction to alcohol, and most recently, methamphetamine. In December 2016, the Court was notified of Pepper's replacement of his addiction for alcohol to methamphetamine. The Court approved a modification for Pepper to reside in the residential re-entry center (RRC) for a period of 90 days. Additionally, Pepper was referred to substance abuse treatment. Pepper completed both treatment and the RRC program with no violations. That said, recently this officer has noticed signs Pepper may be slipping backward again. During an unannounced contact at Pepper's shop on August 16, 2017, an empty beer can was observed on the floor board of the passenger side of Pepper's vehicle. His vehicle was parked adjacent to his wood working shop, where he also resides. The windows were rolled all the way down, and the can was in plain view.

RE: Barry E Pepper

Prob12C
D/NV Form
Rev. March 2017

Additionally, during another unannounced home contact in the late evening hours of August 24, 2017, the undersigned found two unknown third-parties in Pepper's work space. These two third-parties failed to open the door in a timely manner, despite this officer's verbal identification, and request to open the door. One of the individuals was discovered to have active traffic warrants and recent convictions for fighting with police officers. The other individual, a female, provided a false name and claimed she did not have identification. Later, Pepper admitted she was a transient with whom he had an on-again off-again romantic relationship. He claimed since he was moving his shop, he would no longer see her, since she had no form of transportation.

Pepper has been provided the benefit of treatment and intermediate sanctions to address his violations and relapses. However, he cannot seem to cope without alcohol or drugs. The probation office has exhausted all resources, and believes continued supervision would only set Pepper up for failure.

Given the above information regarding his positive urine sample combined with his commission of a new misdemeanor offense of conducting business without a license, this officer has considerable concern for Pepper's illicit conduct. Therefore, in order to protect him from getting into additional trouble with his business, and from slipping further into his methamphetamine addiction, it is respectfully recommended a warrant be issued for Pepper's arrest. It is further recommended that the offender be ordered detained pending revocation proceedings, as it is believed Pepper poses a danger to the community by using methamphetamine and driving. An offense similar to that in which he was convicted of in this Court.

Respectfully submitted,

_____  Sunny R. Cascio
Sunny Cascio                2017.09.21
United States Probation Officer   11:02:17 -07'00'

Approved:

_____  Benjamin Johnson
                         2017.09.20 17:50:05
                         -07'00'
Todd J. Fredlund
Supervisory United States Probation Officer